UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MATTHEW MORALES, | ) | | |
| | ) | | |
| *Plaintiff*, | ) | | |
| | ) | | |
| v. | ) | No. | 3:25-CV-326-CLC-DCP |
| | ) | | |
| JEFF CASSIDY, *Sheriff of Sullivan County*, | ) | | |
| | ) | | |
| *Defendant*. | ) | | |

## MEMORANDUM & ORDER

Plaintiff Matthew Morales, a prisoner incarcerated at the Sullivan County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion [Doc. 4] and **DISMISS** this action without prejudice.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he cannot pay the filing fee in a lump sum. Accordingly, this motion [Doc. 4] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for

the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish

undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983.

### B. Plaintiff's Allegations

The cellblock "utilized for suicidal inmates" at the Sullivan County Detention Center is "fraught with problems." [Doc. 1 at 4.] "One" is stripped naked and provided a "tarp with loose velcro that resembles a catcher's bib" to wear before being placed in a two-prisoner cell "with as many as six other men" wearing the same bib but otherwise nude. [*Id.*]

Additionally, the nurses "can't understand questions about HIP[A]A[,]" and "it took quite some time to get the name of the doctor." [*Id.*] Plaintiff has never received a "truly enacted" psychiatric evaluation at the facility, nor has he consented to having his medical records shared, "yet they try and give [him] pills." [*Id.*] Plaintiff has not even met Dr. Yost, the facility's doctor. [*Id.*]

Aggrieved, Plaintiff filed this action against the Sullivan County Sheriff, Jeff Cassidy, seeking "a competent psychiatric doctor and good nurses." [*Id.* at 5.]

### C. Analysis

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means the prisoner plaintiff must

complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88. To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).

While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints," a complaint that sets forth allegations which, taken as true, establish that the plaintiff has failed to exhaust his available administrative remedies is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty.,* No. 16-5658, 2017 WL 3402075, at *1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citing *Bock*, 549 U.S. at 215 and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (providing that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust")).

It is apparent from the face of Plaintiff's complaint that the Sullivan County Detention Center has a grievance process that Plaintiff did not attempt to utilize prior to filing this action. [Doc. 1 at 2.] And while Plaintiff states he did not follow the grievance process because "it seems as though [his grievance] would fall on deaf ears[,]" he was nonetheless required to make some effort to attempt the exhaustion process. *See Napier v. Laurel Cnty.*, 636 F.3d 218, 223–24 (6th Cir. 2011). He did not. Thus, this action is subject to dismissal due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this action. *Barnett*, 2017 WL 3402075, at

4

\*1–2; *see also Mattox v. Edelman*, 851 F.3d 583, 592–93 (6th Cir. 2017) (noting that "the PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced").

But even without the Court's exhaustion ruling, Plaintiff has failed to state a viable claim against Defendant Jeff Cassidy. Defendant Cassidy may not be held personally liable for any alleged wrongdoing absent allegations that permit the plausible inference that his own conduct violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Thus, constitutional liability cannot attach to Defendant Cassidy solely based on his position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Here, Plaintiff levies no allegations at all against Defendant Cassidy, much less any that state a plausible claim against him. Therefore, all claims against Defendant Cassidy in his individual capacity will be **DISMISSED**.

To the extent Plaintiff seeks to impose liability against Defendant Cassidy in his official capacity, he is suing Sullivan County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). In such circumstances, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993); *see also Monell*, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

But a county may be held liable only for its own wrongdoing. *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) ("Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*.") (citing *Monell*, 436 U.S. at 692–94). Here, Plaintiff has not alleged that his constitutional rights were violated because of an unconstitutional policy or custom of Sullivan County. Therefore, he has also failed to state a claim against the County. *See Monell*, 436 U.S. at 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Accordingly, Plaintiff cannot sustain a municipal liability claim on the allegations presented, and all official-capacity claims against Defendant Cassidy will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's complaint is unexhausted and fails to state a claim against Defendant, and this action will be **DISMISSED** without prejudice; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**